JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Roderick Deal ("Deal"), appeals his sexual predator classification rendered by the trial court. In 1989, Deal was convicted of kidnapping, three counts of rape, and aggravated robbery when he abducted a 16-year-old girl on her way to school, forced her to engage in oral, vaginal, and anal sex, and stole $10 from her purse. Deal's conviction was affirmed on appeal to this court. State v. Deal (Aug. 2, 1990), Cuyahoga App. No. 57358.
 {¶ 2} In 2004, Deal was classified a sexual predator. Deal now appeals, asserting as his sole assignment of error that the evidence is insufficient to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. In particular, Deal argues that he could not be labeled a sexual predator because the STATIC-99 test placed him in the medium to low risk of reoffending. Deal's argument, however, is without merit.
 {¶ 3} The trial court considers the following factors when making its sexual predator determination:
 {¶ 4} "* * *
 {¶ 5} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 6} "(a) The offender's or delinquent child's age;
 {¶ 7} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 8} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 9} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 10} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 11} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 12} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 13} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 14} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 15} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C. 2950.09(B).
 {¶ 16} Here, the trial court noted first that Deal is 33 years old and was 22 at the time he committed the offenses. The trial court also noted Deal's prior criminal history, which included attempted stolen property — motor vehicle, two convictions of attempted grand theft — motor vehicle, possession of criminal tools, receiving stolen property — motor vehicle, and aggravated assault. Although there was only one victim in the underlying sex offense, the victim's age was 16 years old. Deal did not use drugs or alcohol to impair the victim, but did show particular cruelty in abducting the victim from behind with a knife, raping her three times at knife point, and threatening to kill her. In addition, the trial court placed particular emphasis on Deal's disrespectful and, at times, illegal behavior while serving his prison term — possession of making weapons/contraband when found with 54 pop cans in his cell, conveyance of heroin into the prison, disobedience of direct orders, possession of contraband, destruction of property, causing a disturbance, refusal to obey orders, disrespect to female prison staff, threats to kill another inmate, failure to report to work, and involvement with a visitor who conveyed four balloons of narcotics into prison.
 {¶ 17} As found by the trial court, these factors, despite Deal's remorse and the STATIC-99 results, "represent one of the highest risks of re-offending" and led the trial court to adjudicate Deal a sexual predator. The evidence, when viewed in the light most favorable to the state, could lead any rational trier of fact to conclude that Deal is a sexual predator. Because the evidence was more than sufficient to support classifying Deal a sexual predator, Deal's assignment of error is overruled and the sexual predator adjudication is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., Concurs.
 Cooney, P.J., Concurs In Judgment only.